IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY F. KING,

        Petitioner/Defendant,        Case No. 3:06 CR 170

   -vs-

                                                           MEMORANDUM OPINION

UNITED STATES OF AMERICA,              AND ORDER

        Respondent/Plaintiff.

KATZ, J.

        Petitioner, Rodney F. King, ("Petitioner" or "Defendant"), acting *pro se*, has filed a motion to alter or amend a judgment pursuant to Rule 59(c) of the Federal Rules of Civil Procedure regarding this Court's order denying his 28 U.S.C. § 2255 motion. Petitioner also seeks to have his appeal of that denial held in abeyance pending the outcome of the instant Rule 59(c) motion.

        With regard to the background giving rise to this matter, Petitioner was sentenced after trial to concurrent terms of 264 months each on two counts, the first involving possession with intent to distribute (crack) cocaine and the second being a felon in possession of a firearm. Those conditions and sentences were affirmed on direct appeal. He thereafter filed a timely motion pursuant to § 2255 on August 16, 2010; on October 21, 2010 this Court denied that motion, finding no merit in any of his three claims (Doc. No. 103). He then filed a notice of appeal on October 28, 2010 and was assigned Sixth Circuit Case No. 10-4372.

        Now Petitioner wishes this Court to alter or amend its prior order denying his § 2255 motion and, pursuant to Rule 15(c)(2), to add new claims to that original motion. As noted by the Government, what Petitioner really seeks is an opportunity to file a sur-reply to the Government's response because this Court denied his motion before his thirty days to reply had expired. The

Court has, in determining its decision on the pending motions, considered Petitioner's motion to amend and motion to alter or amend a judgment, both filed on November 10, 2010 (Doc. No. 106 & 107). The Government has filed its response on November 24, 2010 and Petitioner has filed no reply and the time for such filing has expired. Both motions of the Petitioner will be denied.

**STATEMENT OF THE LAW**

Section 2255 precludes a prisoner from filing a motion challenging his conviction or sentence more than one year after that conviction became final. The Supreme Court in *Clay v. United States*, 537 US 522 (2003), determined that the clock on the one year period of limitation begins to run when the ninety day window expires for filing by the petitioner of a writ of certiorari contending, in this instance, the Sixth Circuit appellate court's affirmance of that conviction was erroneous. Therefore, Petitioner has one year plus ninety days to file his first § 2255 motion; pursuant to Rule 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The "relates back" issue under Rule 15(c), the issue raised in Doc. No. 107, is as noted on page 7 of the Government's response, untimely since it was filed (as well as signed) more than 28 days after his original § 2255 petition.

**DISCUSSION**

Initially, Petitioner contends that he should have been granted an evidentiary hearing. Clearly, a district court is not required to hold a hearing in every § 2255 case in which a petitioner makes factual allegations. In the instant case this Court simply did not require an evidentiary hearing to determine the issues raised in the motion under § 2255. As noted by the Government in its response, King's allegations were largely questions of law regarding, primarily, the Armed Career Criminal Act. Factual allegations were with respect to matters raised during his trial and

which were ultimately decided against him by the jury. Since the Petitioner bears the burden of proving a hearing is required, and in the opinion of this Court did not do so, it is not an abuse of discretion to deny an evidentiary hearing. *See Smith v. United States*, 348 F.3rd 545, 550 (6th Cir. 2003).

The Court agrees with the Government that there are no new claims articulated by Petitioner in the currently pending motions. Instead, he reasserts arguments raised initially challenging the consideration by the Court of prior convictions which enhanced his sentence under the Armed Career Criminal Act. After reviewing the record in this case and the assertions made by Petitioner with regard to the consideration of those prior convictions, this Court agrees with the Government that the Court properly considered the two prior convictions which Petitioner challenged in reaching the conclusion that they qualified as predicates for the Armed Career Criminal Act sentencing enhancement pursuant to § 924(c) of Title 18 U.S.C. This Court will not regurgitate the Government's arguments in subsection 3 at pages 8 - 15 of its response. Suffice to say that this Court has previously considered this at length and determines that King's arguments do not justify an alteration of the Court's previous rulings.

**CONCLUSION**

For the foregoing reasons and those articulated by the Government in its response, Petitioner's Rule 59(e) motion (Doc. No. 106) and Rule 15(c) motion (Doc. No. 107) are denied. The denial of Petitioner's § 2255 motion to vacate sentence is affirmed. Petitioner's motion to hold notice of appeal in abeyance is denied as moot. (Doc. No. 108)

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE